UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────

SCOTT A. SARACINA,

                          Petitioner,                      **DECISION AND ORDER**

                v.                                   04-CV-521S

DALE ARTUS,

                          Respondent.

─────────────────────────────────────

## I.  INTRODUCTION

Scott A. Saracina ("Saracina" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the sentence arising from his conviction on June 11, 2001, in Chautauqua County Court.  (Docket No. 1.)

The conviction stems from a jury verdict on December 6, 2000, in which Saracina was found guilty of unlawfully imprisoning (a class E felony) and assaulting (a class D felony) his former girlfriend.  Following the verdict, the prosecutor sought to have Saracina sentenced as a persistent felony offender ("PFO"), pursuant to New York's Penal Law § 70.10.  Justice Stephen W. Cass, who had conducted the trial, held a PFO hearing on May 8 and 9, 2001.  On June 11, 2001, Justice Cass found Saracina to be a PFO and imposed an enhanced sentence of 15 years to life on each count, with the sentences to run concurrently.  (ST 17-18.)[1]  Unlawful imprisonment in the first degree ordinarily carries a

_____

[1] Citations to "ST __" refer to the sentencing transcript and those to "PT ___" refer to the PFO hearing transcript.

maximum sentence of four years and assault in the second degree ordinarily carries a maximum sentence of seven years. *See* N.Y. PENAL LAW §§ 70.00(2)(d) and (e), 125.05(1), 135.10.

Saracina's petition challenges the sentence enhancement as violative of the Constitution of the United States. It does not challenge the constitutionality of the underlying conviction. Thus, the background information and discussions that follow relate solely to the PFO hearing and Saracina's challenges to same.

## II.  BACKGROUND AND PROCEDURAL HISTORY

### A.  The PFO Hearing

At the commencement of Saracina's PFO hearing, his trial attorney, Nathaniel Barone, confirmed that he had reviewed a report of Saracina's criminal history. Barone stated his intent to controvert the use of Saracina's 1980 North Carolina ("N.C.") imprisonment for common law robbery[2] as a predicate felony conviction. Barone planned to show that the N.C. matter was equivalent to a New York youthful offender finding and, therefore, should not be counted as a criminal conviction for purposes of sentence enhancement.[3]  (PT 2-4.)

The prosecutor began his proof on predicate felonies with witness William H.

---

[2]  Barone controverted many other aspects of the criminal history statement, but none of those objections relate to the issues raised in Saracina's petition.

[3]  In New York, a youthful offender adjudication is not a judgment of conviction for a crime or any other offense, the records relating to such an adjudication are confidential, and the adjudication is not counted as a predicate felony for purposes of sentence enhancement.  N.Y. CRIM PROC. LAW § 720.35(1), (2); People v. Adams, 281 A.D.2d 707, 707-708 (3d Dep't 2001).

Andrews, a retired District Attorney for the Fourth Prosecutorial District of North Carolina. (PT 12.)  The Fourth Prosecutorial District includes Onslow County, the place of Saracina's 1980 conviction.  (PT 15.)  According to Andrews, the N.C. crime at issue involved a male victim who was forced to turn over his wallet and then struck over the head by what may have been a lead pipe.  (PT 19.)  Saracina was one of three men charged in connection with that incident and he ultimately pled guilty to common law robbery.[4]  (PT 20, 43.) Andrews testified that common law robbery is a violent felony offense in N.C., the elements of which are "the taking and carrying away the personal property of another . . . without his voluntary consent, and with the intent to deprive the owner of its use permanently by the use of violence or threat of violence."  (PT 25, 49.)

Over Barone's objections, Justice Cass accepted into evidence certified copies of: (1) the Transcript of Plea, and (2) the Judgment and Commitment form relating to Saracina's 1980 plea to common law robbery.  (PT 21-23.)  Andrews testified that the Judgment and Commitment was the final disposition of Saracina's plea, the document by which the Department of Corrections took him into its custody, and the sole document produced by the N.C. courts as documentation of the conviction.  (PT 23, 35.)

Andrews went on to explain that because Saracina was under age 21 at the time of sentencing, he was eligible to be sentenced as a "committed youthful offender" and was, in fact, sentenced as such.  According to Andrews, at the time of Saracina's plea, adults

---

[4]  Saracina had been charged with armed robbery, but he denied having struck the victim, who was unable to identify which of the men assaulted him.  (PT 43-44.)

between the ages of 16 and 21[5] were eligible for committed youthful offender status, and someone so designated could be released from prison at the discretion of the parole commission at any time up to the maximum imposed by the judge, which in Saracina's case was five years.  (PT 26-27, 37-38.)  In other words, this status did not change the fact that Saracina received an adult conviction, but it did confer a potential sentencing benefit because of his age.  (PT 27.)

Barone cross-examined Andrews, but did not elicit any testimony that called into question Andrews' earlier statements about the fact or nature of Saracina's conviction. Barone did not offer any evidence in support of his contention that Saracina's N.C. confinement was not pursuant to a felony conviction.  (PT 27-47.)

The prosecutor next produced Karen Saracina, petitioner's ex-wife, who testified about the circumstances leading to petitioner's 1992 conviction in New York for attempted assault in the second degree.  (PT 56-63.)  Saracina does not dispute the counting of this conviction as a predicate felony.

At the completion of the hearing, Justice Cass reserved decision and accepted briefing from the parties.  (ST 3; Docket 11, Ex. G at 2.)  On June 11, 2001, Justice Cass determined that Saracina was a PFO and proceeded to sentence him consistent with that finding.  In making his decision, the judge first acknowledged that he was required to determine whether Saracina had been convicted of two prior felonies in accordance with

---

[5] Andrews distinguished committed youthful offenders from juvenile delinquents.  The latter are individuals between the ages of 7 and 15, are prosecuted in a juvenile court, and the records of such prosecutions are sealed.  (PT 37-38, 47.)

N.Y. PENAL LAW § 70.10.  Justice Cass found that Saracina had been convicted of prior felonies in N.C. and in New York, both of which involved a sentence of imprisonment in excess of one year, and concluded "that the People of the State of New York have proven beyond a reasonable doubt that the defendant, Scott A. Saracina, is a persistent felony offender."  (ST. 11-12, 16.)  Justice Cass went on to find that Saracina's history and character and the nature and circumstances of his criminal conduct indicated that extended incarceration and lifetime supervision would best serve the public interest.  (ST 16.)  In particular, the judge noted Saracina's complete disregard for the law over a twenty year period, a history of antisocial behavior, and the progressively more violent nature of Saracina's crimes.  (ST 16-17.)

**B.    The State Court Challenges**

Saracina mounted numerous challenges to his conviction and sentence in the state courts.  On direct appeal, his appellate counsel argued that: (1) the prosecutor engaged in a pattern of misconduct during trial and the court erred in failing to grant a mistrial, (2) the court abused its discretion in determining that Saracina's history and character warranted sentencing him as a PFO, and (3) the evidence at trial was insufficient to support the jury verdict, which is also against the weight of the evidence.  (Docket No. 11, Ex. A.) The Appellate Division, Fourth Department, of the New York State Supreme Court unanimously affirmed Saracina's conviction on October 1, 2002.  People v. Saracina, 298 A.D.2d 953.  All claims raised on appeal were disposed of on the merits.  Appellate counsel sought leave to appeal, but the application was denied by the New York State

Court of Appeals on December 17, 2002.  People v. Saracina, 99 N.Y.2d 564.  Saracina's conviction became final on March 17, 2003, 90 days after the Court of Appeals denied him leave to appeal.  Walker v. Artuz, 208 F.3d 357, 358 (2d Cir. 2000), *rev'd on other grounds sub nom.* Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

While his appeal was pending, Saracina, acting *pro se*, moved to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20.  (Petition, Appx. A.)  Saracina claimed the N.C. conviction could not serve as a predicate felony for purposes of a PFO determination because: (1) the N.C. conviction was unconstitutionally obtained due to the court's failure to apprise Saracina of his privilege against self-incrimination at the plea colloquy, and, even if found to be constitutional, (2) the N.C. conviction was more than ten years old at the time of his PFO hearing, it was akin to a New York youthful offender matter, and there was no certificate of conviction or proper finding that the crime was analogous to a New York felony.  The trial court denied the motion in an 8-page written decision dated May 13, 2002.  (Docket No. 11, Ex. G.)  Saracina raised the same issues in his application for leave to appeal, asserting, among other things, that Justice Cass failed to conduct a sufficient "analogy test" when he based his determination that the N.C. conviction was analogous to a New York felony solely on the uncorroborated testimony of Andrews.  (*Id*. Ex. H.)  The Fourth Department denied Saracina's motion for leave on February 7, 2003, concluding that there was "no question of law or fact which ought to be reviewed" by the court.  (*Id.* Ex. J.)

On August 13, 2003, Saracina filed a second *pro se* § 440.20 motion urging that his

sentence as a PFO violated his federal constitutional rights as a matter of law because, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed. 2d 435 (2000), a sentence that exceeds the statutory maximum must be based on facts found by the jury, not the trial judge.  (Petition, Appx. B.)  In his supporting affidavit, Saracina also alleged ineffective assistance of trial counsel based on his attorney's failure to raise Apprendi in the PFO hearing.  The trial court denied Saracina's motion on August 28, 2003 (Docket No. 11, Ex. N.), the Fourth Department denied him leave to appeal on December 6, 2003 (Id., Ex. Q),[6] and the Court of Appeals dismissed his motion for leave to appeal on December 30, 2003, People v. Saracina, 1 N.Y.3d 580.

On December 24, 2003, Saracina moved, pro se, for a writ of error coram nobis, alleging violations of his federal and state constitutional rights to effective assistance of appellate counsel.  (Petition, Appx. C.)  According to Saracina, appellate counsel failed to argue that: (1) trial counsel was ineffective when he failed to raise Apprendi at the PFO hearing, and (2) Saracina was denied due process when the court adjudged him a PFO absent the production of a certificate of conviction, without conducting a proper "same elements" analysis, and based on false testimony about the nature of his conviction and the elements of the crime to which he pled.  The Fourth Department denied Saracina's application for a writ on March 19, 2004, People v. Saracina, 5 A.D.3d 1132, and the Court of Appeals denied his application for leave to appeal on June 23, 2004, People v.

---

[6]  The trial court's denial was based on its conclusion that all issues raised had been presented to and decided by the Fourth Department on direct appeal.  The Fourth Department found there was no question of law or fact which ought to be reviewed.

Saracina, 3 N.Y.3d 647.

## C.     The Instant Habeas Petition

This federal habeas petition followed, in which Saracina raises the following grounds for relief: (1) the sentencing court denied him the right to trial by jury when it failed to follow Apprendi (ground one), (2) he was denied due process and equal protection when the court adjudged him a PFO based on false testimony, and absent the production of a certificate of conviction or sufficient proof that the N.C. crime was analogous to a New York state felony (ground two), (3) his Fifth and Fourteenth Amendment rights were violated when the prosecutor solicited, and the court relied on, false testimony in adjudging him a PFO (grounds three and four), (4) trial counsel was ineffective due to the failure to object to the foregoing violations (ground five), and (5) appellate counsel was ineffective due to the failure to raise all of the foregoing issues on appeal (ground six).

After full briefing on the habeas petition, Saracina moved to supplement the record with various materials he claims are relevant to the issues raised in his petition.  (Docket No. 19.)

## III.  MOTION FOR ADDENDUM

In a document titled "Motion for Addendum," Saracina seeks to supplement the record with briefing on Cunningham v. California, __ U.S. __, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007),[7] as well as various documents and transcript excerpts.

---

[7] Saracina relies on a number of other decisions, as well, all of which were issued prior to the filing of his reply papers on December 6, 2004.

Having reviewed the supplemental documents and transcript excerpts, this Court finds that the motion to supplement should be granted.  The trial court's PFO determination is central to Saracina's habeas petition.  Although respondent relies extensively on the PFO hearing transcript in opposing the habeas petition, only a portion of that transcript was filed with the Court.[8]  Some of the missing transcript pages (2-9 and 90-123) are among Saracina's proposed supplemental exhibits.  Saracina also proposes to add to the record a "victim impact letter" received by the trial judge prior to his sentencing.  This document directly relates to the PFO hearing and sentencing at issue and is not part of the existing record.  Accordingly, Saracina's motion to supplement (Docket No. 19) is granted in its entirety so that this Court may have a complete record for review.[9]

## IV.  APPLICABLE LAW

### A.    Law Governing Habeas Corpus

Under the federal habeas corpus statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas review is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Thus, errors of state law are not subject to review in a habeas proceeding.  *See, e.g.*, Estelle v. McGuire, 502 U.S. 62,

---

[8]  Respondent filed only pages 10-89 of the transcript, and stated that the Attorney General's office had attempted, unsuccessfully, to obtain the full transcript from the Chautauqua District Attorney's Office.  (Docket No. 13 at 5, n.4.)

[9]  The Court notes that its first citation to the PFO hearing transcript above is to pages supplied by Saracina in his supplemental submission.

67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). To be entitled to habeas relief, a petitioner must demonstrate that the challenged conviction resulted from a state court decision that violated federal law. *Id.* at 68.

A petition for a writ of habeas corpus may be granted with respect to a claim that the state courts have adjudicated on the merits if the court's determination: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## B.   Exhaustion of Claims Presented in the Petition

It is fundamental that a state prisoner who claims that he is incarcerated in violation of his federally protected rights must first exhaust all the state court remedies available to him. 28 U.S.C. § 2254(b)(1)(A); *see* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). The Supreme Court has made clear that "the exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

To fulfill the exhaustion requirement, a habeas petitioner must have fairly presented the substance of all his constitutional claims to the state court in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.

Picard, 404 U.S. 275-76; Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).  The Second Circuit has interpreted the "fair presentment" requirement to mean that the petitioner "must have set forth in state court all of the essential factual allegations . . . [and] must have placed before the state court essentially the same legal doctrine he asserts in his federal petition." Daye v. Attorney General of N.Y., 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984) (citations omitted). In short, the petitioner must have put the state court on notice that a federal constitutional claim is at issue.  There are a number of ways in which a petitioner may "fairly present" a constitutional claim "without citing chapter and verse of the Constitution," such as by: (a) relying on pertinent federal cases employing constitutional analysis, (b) relying on state cases employing constitutional analysis in like fact situations, (c) asserting the claim with such particularity as to call to mind a specific constitutional right, and (d) alleging a pattern of facts that is within the mainstream of constitutional litigation. Id. at 194; accord, e.g., Strogov v. Attorney Gen'l, 191 F.3d 188, 191 (2d Cir. 1999).

In this case, respondent concedes that Saracina's claims that his enhanced sentence violated his federal constitutional right to a trial by jury and that appellate counsel failed to provide effective assistance, grounds one and six of the petition, are exhausted for purposes of habeas review.

However, respondent urges that other grounds—the portion of the ineffective assistance of trial counsel claim based on the failure to argue Apprendi, and the claims alleging defects in the findings underlying the PFO determination—are unexhausted

because they were not presented to the state courts in federal constitutional terms.[10]

Respondent also contends that the remainder of Saracina's claim of ineffective assistance of trial counsel is unexhausted because it is based on facts in addition to the failure to argue Apprendi that are raised for the first time in his petition.

In considering the exhaustion issue, this Court has reviewed Saracina's direct appeal, his § 440.20 motions, his coram nobis application, and documents referenced therein and/or attached thereto.[11]

### 1.   Grounds Two, Three and Four

As noted above, the petition alleges in grounds two, three and four that Saracina's PFO sentence is unconstitutional because: it was imposed absent a certificate of conviction or sufficient proof that the N.C. crime was analogous to a New York state felony, a youthful offender adjudication was counted as a predicate felony, and the prosecutor solicited, and the court relied on, false testimony about the N.C. crime.

This Court agrees with respondent that Saracina's first § 440.20 motion did not set forth any of the foregoing allegations in constitutional terms.   To the extent these allegations were made at all, they were presented solely as errors of state law and Saracina employed state case citations only.  (Petition, Appx. A.)  That is not the end of

---

[10]  There is no dispute that the factual basis for these claims was presented to the state courts.

[11]  In his responding memorandum (Docket No. 15), Saracina takes issue with the record respondent submitted (Docket No. 11, Exs. A - S) relative to petitioner's post-trial motions and coram nobis application.  Saracina correctly notes that respondent did not file all of his exhibits, cover letters, and supplemental submissions.  However, Saracina filed what he contends is a complete record of those proceedings as Appendices A through C to his petition, including Exhibits A through M to Appendix C. The Court has reviewed the entire clerk's file and cannot identify any document on which Saracina relies that is not part of the record before it.

the discussion, though, because Saracina did contest his PFO determination in constitutional terms in his coram nobis application when he alleged that procurement of his sentence enhancement through the use of false testimony violated due process as guaranteed by the United States Constitution.   Unfortunately for Saracina, raising his unconstitutional sentence claim in this manner was not sufficient to meet the exhaustion requirement.

"'[I]n a criminal action, the writ of error coram nobis lies in [the state appellate court] only to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of appellate counsel.'" Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001) (*quoting* People v. Gordon, 183 A.D. 2d 915 (2d Dep't 1992)). Presentment of an entirely different constitutional issue as a predicate for the ineffective assistance claim does not satisfy the exhaustion requirement for the predicate violation itself.  *Id.*; *see also*, Martinez v. Senkowski, 02 Civ. 0009, 2005 U.S. Dist. LEXIS 8591, at *17 (S.D.N.Y. May 5, 2005).   Accordingly, this Court finds that the claims in grounds two, three and four of Saracina's petition are unexhausted.

Nevertheless, I disagree with respondent's contention that the claims are procedurally barred pursuant to N.Y. CRIM. PROC. LAW § 440.20(2) (Consol. 2005).  Section 440.20 permits a movant to bring a collateral attack on the legality of his sentence any time after conviction unless the issue was previously determined on the merits on direct appeal. Reyes v. Phillips, 02 Civ. 7319, 2005 U.S. Dist. LEXIS 19488, at *3-4 (S.D.N.Y. Sept. 6, 2005); Naranjo v. Filion, 02 Civ. 5449, 2003 U.S. Dist. LEXIS 6287, at *28-29 (S.D.N.Y.

Apr. 16, 2003); <u>Anthony v. Strack</u>, 99 Civ. 9079, 2001 U.S. Dist. LEXIS 9004, at *27-28 (S.D.N.Y. June 27, 2001).  Grounds two, three and four were not raised on direct appeal, so there was no such determination on the merits.  Saracina's direct appeal challenged the trial judge's findings regarding his character and history as an abuse of discretion, but did not raise any of the facts or legal theories now alleged in grounds two, three and four, which go to the question of whether there were sufficient predicate felonies to lawfully sentence him as a PFO.

Absent a determination on the merits on direct appeal, § 440.20 allows for collateral motions without time limitation.  Moreover, under § 440.20(3), the state court has discretion to consider a motion in the interest of justice even where the very same issue has been determined on the merits in a prior motion or proceeding, other than a direct appeal. <u>Reyes</u>, 2005 U.S. Dist. LEXIS 19488, at *15-16; <u>People v. Stinson</u>, 151 A.D.2d 842, 844 (3d Dep't 1989) (§ 440.20(3) permits, but does not require, denial of successive motion where the issue has been reviewed on the merits in a prior post-judgment motion or proceeding).  In short, Saracina is not procedurally barred from presenting his federal claims to the state courts in the first instance by way of a third § 440.20 motion, despite the fact that some of the factual predicates for the federal claims were considered in connection with his state law claims.

### 2.    *Ground Five - Ineffective Assistance of Trial Counsel*

Ground five of the petition alleges that trial counsel was ineffective for failing to object to each of the issues raised in grounds one through four.  This Court disagrees with

respondent's contention that Saracina did not raise his ineffective assistance claim relating to ground one—his Apprendi claim—in constitutional terms.  Saracina's second § 440.20 motion expressly referenced the Sixth Amendment and ineffective assistance, as did his application for leave to appeal.  (Petition, Appx. B.)  In essence, Saracina contended that his sentence enhancement was obtained in violation of federal law and his trial counsel was ineffective when he failed to object to the constitutional violation.  Respondent offers no decisional authority or rationale for the assertion that such references would not sufficiently alert a state court to the existence of a federal ineffective assistance claim.  *See* Davis v. Strack, 270 F.3d 111, 122 (2d Cir. 2001) (claim was fairly presented in state appellate brief where petitioner mentioned due process right to fair trial and the Fourteenth Amendment in point heading); Salcedo v. Artuz, 107 F. Supp. 2d 405, 415 (S.D.N.Y. 2000) (mentioning constitutional amendment at issue is sufficient to fairly present the constitutional claim to state courts).  In any event, a claim that trial counsel failed to object to the state court's violation of federal law readily calls to mind the specific federal constitutional right to the effective assistance of trial counsel.

That is not the end of the exhaustion analysis with respect to this claim, however. Saracina's petition contains new factual bases for the ineffective assistance claim that were never presented to the state courts at all.  Because an ineffective assistance claim can rest on one allegation, or a cumulation of alleged errors, the appropriate question is whether the claim, as it is presented in the petition, has been exhausted.

> If the state court has not had . . . an opportunity to assess counsel's performance, because the claim of ineffective assistance that was made [to

the state courts] did not present a complete picture of the [sic] "all the circumstances" and the cumulative effect of the claimed derelictions, then the purpose of the exhaustion requirement has not been served.  It is true that "dismissal is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter the claims presented to and rejected by the state courts."  Where, however, the new allegations do "fundamentally alter" the claims presented to and rejected by the state courts, it follow that the new claim has not been properly exhausted.

Rowe v. New York, 99 Civ. 12281, 2002 U.S. Dist. LEXIS 1142, at *4-5 (S.D.N.Y. Jan. 25, 2002) (quoting Caballero v. Keane, 42 F.3d 738, 741 (2d Cir. 1994)).

As already noted, Saracina argued in his second § 440.20 motion that trial counsel failed to object to the unconstitutionality of a state court proceeding.  Specifically, he urged that counsel should have objected to the imposition of an enhanced sentence based on additional factual findings (other than the fact of a prior conviction) made by the judge, rather than the jury.  The new allegations in the habeas petition are directed to trial counsel's purported failure to object to the introduction of evidence and testimony about the predicate felony convictions.  These are, in this Court's view, two fundamentally different types of allegations that should have been presented, in their totality, to the state courts in the first instance.  See, e.g., Davidson v. Keane, 96-2421, 1997 U.S. App. LEXIS 2778, at *4-5 (2d Cir. Feb. 14, 1997) (unpublished opinion) (affirming district court's decision that new allegation of failure to introduce a taped broadcast in evidence cast the ineffective assistance claim in a significantly different light than was presented to the state courts in a § 440.10 motion, where petitioner alleged only a failure to interview alibi witnesses); Anthony, 2001 U.S. Dist. LEXIS 9004, at *33-34 (where relevant considerations

for new factual assertion bore little relation to allegations of ineffectiveness exhausted in § 440 motion, the new facts fundamentally altered the claim such that it was unexhausted); *but see*, Hemphill v. Senkowski, 02 Civ. 7093, 2004 U.S. Dist. LEXIS 7617, at *39-40 (S.D.N.Y. Apr. 29, 2004) (because new allegations, like those that were exhausted, related to defense counsel's purported failure to cast doubt on petitioner's identification at the arrest scene, they supplemented, rather than altered, the claim presented in state court). Here, the exhausted allegation relates to a failure to object to how the PFO determination was made, while the unexhausted allegations relate to the failure to object to the evidentiary bases for the determination.  This Court finds that the new allegations alter, rather than supplement, the exhausted allegation and the ineffective assistance of trial counsel claim presented in the petition is unexhausted.

Because respondent treats ground five as two distinct claims,[12] it is also urged that the Apprendi-based, exhausted allegation is procedurally barred, but the evidence-based, unexhausted allegations are not.  As already stated, ground five of the petition constitutes a single claim of ineffective assistance and, for the reasons stated below, this Court rejects the further argument that a procedural bar applies.

Where, as here, counsel's alleged errors involve matters ascertainable on the record,[13] a petitioner generally is barred from returning to state court to argue the issue.

---

[12]  This approach does not appear to have any support in the case law and is rejected by this Court.

[13]  Respondent contends that counsel's alleged failure to make various objections on the record are matters outside the record and therefore properly raised by collateral motion, rather than direct appeal. This Court disagrees.

This is because New York law provides for only a single application for direct review for matters that are part of the record.  N.Y. Rules of Court § 500.10(a).  However, as already noted, all of the allegations in Saracina's petition are directed toward his sentencing; he does not challenge his underlying conviction.   The proper vehicle for challenging the legality or validity of a sentence is § 440.20.  *See, e.g.,* Seifert v. Keane, 74 F. Supp. 2d 199, 202 (E.D.N.Y. 1999) (detailing state court's consideration of § 440.20 motion based on trial counsel's alleged ineffectiveness relating to persistent violent felony offender determination); Naranjo v. Filion, 02 Civ. 5449, 2003 U.S. Dist. LEXIS 6287, at *28-29 (S.D.N.Y. Apr. 16, 2003) (petitioner's excessive sentence and sentencing misinformation claims could be raised in § 440.20 motion to the extent they were challenging legality of sentence).

A collateral motion to set aside a sentence under § 440.20, unlike its counterpart for vacating a conviction, *see* N.Y. CRIM. PROC. LAW § 440.10(2)(c), cannot be denied on the basis that the asserted ground could have been raised on appeal but was not.  Reyes v. Phillips, 02 Civ. 7319, 2005 U.S. Dist. LEXIS19488, at *3-4 (S.D.N.Y. Sept. 6, 2005) Cuadrado v. Stinson, 992 F. Supp. 685, 687 (S.D.N.Y. 1998); Brown v. Miller, 97 Civ. 1874, 1998 U.S. Dist. LEXIS 2270, at *4-5 (S.D.N.Y. Mar. 3, 1998).   Moreover, as discussed above, a § 440.20 motion may be considered by the state courts even where one of the factual or legal bases for the claim was presented in a prior motion and a determination made thereon.   N.Y. CRIM. PROC. LAW § 440.20(3).   Accordingly, the ineffective assistance of trial counsel claim is unexhausted and cannot be "deemed

exhausted" because of a procedural bar.

## IV. TREATMENT OF A "MIXED PETITION"

To summarize, grounds one and six of the petition are exhausted, while grounds two through five[14] are not.

In <u>Rose v. Lundy</u>, the Supreme Court adopted a "total exhaustion" rule by holding that a "mixed petition"—that is, one containing both exhausted and unexhausted claims—should be dismissed as a whole, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. at 510. However, in 1996, Congress modified this "exhaustion rule" by the enactment of the AEDPA, which amended 28 U.S.C. § 2254(b)(2) to read as follows: "an *application* for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available to the courts of the State." (emphasis supplied). By the provision's plain terms, it is the entire petition that must be dismissible on the merits, not just individual unexhausted claims within the petition. *See, e.g.,* <u>Moore v. Schoeman</u>, 288 F.3d 1231, 1235 (10th Cir. 2002); <u>Turner v. Artuz</u>, 262 F.3d 118, 121 (2d Cir. 2001) (per curiam) (discussing the AEDPA amendments and concluding that district courts now have the option of *denying* mixed petitions on the merits); <u>Peterson v. New York</u>, 00 Civ. 4777, 2005 U.S. Dist. LEXIS 10325, at *4-5 (S.D.N.Y. May 26, 2005); <u>Rowe</u>, 2002 U.S. Dist. LEXIS 1142, at *14-15 n.3. Therefore, this Court cannot reach the merits of this petition unless

---

[14] As discussed, ground five would be exhausted were it based solely on the allegation that trial counsel was ineffective for failing to argue <u>Apprendi</u>.

all claims, exhausted and unexhausted, will be denied.

This Court has preliminarily reviewed the merits of Saracina's exhausted and unexhausted claims and is unable to conclude that this petition can be denied in its entirety.  Under these circumstances, petitioner has three options.

**First**,  petitioner may choose to file an amended petition which raises **only** those grounds for which state court remedies have been exhausted—ground one (Apprendi), ground five (ineffective assistance of trial counsel) to the extent that it alleges **only** the failure to raise Apprendi, and ground six (ineffective assistance of appellate counsel)— thereby withdrawing from this Court's consideration all grounds for which such remedies have not been exhausted.  The effect of such withdrawal may be that petitioner will **not** be permitted to raise the withdrawn grounds in a second or successive habeas petition.  28 U.S.C. § 2244(b).  This option will likely result in the most expeditious resolution of the petition.  If petitioner chooses to amend his petition, the amended petition must be filed with the Clerk of the Court by **October 31, 2007**.

**Second**, petitioner may choose to withdraw the entire petition herein to permit him time to exhaust all of the claims.  If petitioner chooses that option, petitioner may then raise the claims in another petition, which will not be considered a second petition for purposes of § 2244(b) and therefore will not be foreclosed by the second or successive petition requirements of the statute.[15]   Petitioner is cautioned that the applicable statute of

---

[15]  The United States Supreme Court has determined, in Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of 28 U.S.C. § 2244(d)(2).  Accordingly, the time for filing a federal habeas petition is **not** tolled during the

limitations is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

**Third**, petitioner may ask to stay this petition and hold it in abeyance to allow the petitioner to present his unexhausted claims in state court and then return to federal court for review of his petition once he has exhausted his state remedies. Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005); *and see* Zarvela v. Artuz, 254 F.3d 374 (2d Cir. June 14, 2001). The issuance of such a stay and abeyance order is only appropriate, however, when the Court determines that there was "good cause" for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "abusive litigation practice or intentional delay." Rhines, 544 U.S. at 277-78. This is a multi-pronged, difficult standard to meet and a petitioner should carefully assess the consequences should the stay be denied. If the Court were to deny the stay and dismiss the entire petition without prejudice to petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations because this petition may have been filed too near the end of the limitations period. 28 U.S.C. § 2244(d)(1). If petitioner were to be granted a stay, the Court would dismiss the unexhausted claims and condition the stay on petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to

---

pendency of a first federal habeas petition. Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

exhaust.

**Petitioner is cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c),** *see* Mayle v. Felix**, 545 U.S. 644, 656-65, 125 S. Ct. 2562, 2570-75, 162 L. Ed. 2d 582 (2005); will be applicable to petitioner's request to amend the petition to include the dismissed unexhausted claims in the petition again when they are exhausted.  *See* Zarvela, 253 F.3d at 383.

**Failure to comply with one of these three options by October 31, 2007 will result in the dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court**.  Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition.

## V.  CONCLUSION

Petitioner Saracina's Motion for Addendum is granted in its entirety and his supplemental submissions are accepted for the Court's consideration.

Saracina has presented this Court with a "mixed petition" containing exhausted and unexhausted claims.  Because there is the possibility that the entire petition cannot be denied on the merits, Saracina hereby is afforded an opportunity to amend his petition, withdraw his petition, or seek a stay for the purpose of presenting his unexhausted claims to the state courts.  Failure to comply with the instructions and orders herein will result in the dismissal of this petition.

**ORDERS**

IT HEREBY IS ORDERED, that Petitioner Scott Saracina's Motion for Addendum (Docket No. 19) is GRANTED;

FURTHER, that the Clerk of the Court is directed to send petitioner a modified § 2254 Exhaustion Response Form, together with a copy of his original petition and a form for filing a § 2254 petition should he decide to file an amended petition withdrawing the unexhausted claims;

FURTHER, that Petitioner shall amend, withdraw, or move to stay his Petition on or before **October 31, 2007** and, in the event he fails to do so, the Petition will be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.


SO ORDERED.

Dated: September 26,  2007
         Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge