SCOTT A. SARACINA, 01-B-1383,

        Petitioner,

    -v-                              04-CV-521(MAT)(JWF)
                                          **DECISION and ORDER**

DALE ARTUS,

        Respondent.

---

    *Pro se* petitioner Scott Saracina ("petitioner" or "Saracina")
filed a petition for writ of habeas corpus under 28 U.S.C. § 2254
(Dkt. #1) challenging the constitutionality of his custody pursuant
to a judgment of conviction entered in Chautauqua County Court on
June 11, 2001. Following a jury trial before Judge Stephen Cass,
Saracina was found guilty of Assault in the Second Degree (N.Y. Penal
L. § 120.05), class D felony, and Unlawful Imprisonment in the First
Degree (N.Y. Penal L. § 135.10), a class E felony[1]. He was
adjudicated a persistent felony offender pursuant to N.Y. Penal L.
§ 70.10 and subsequently sentenced to concurrent terms of
imprisonment of fifteen years to life on each count[2].

    Saracina's petition challenges the sentence enhancement under
§ 70.10 as violative of the U.S. Constitution.  Specifically, the

---

    [1] Typically, a class D felony carries a maximum sentence of seven years,
and an E felony carries a maximum sentence of four years. See N.Y. Penal L.
§§ 70.00(2)(d)&(e), 120.05(1), 135.10.

    [2]  Section 70.10 "is designed to provide enhanced punishment for
recidivists and characterizes as a 'persistent  felony offender' any defendant
'who stands convicted of a felony after having previously been convicted of two
or more felonies.'" Brown v. Miller, 451 F.3d 54, 57 (2d Cir. 2006) (quoting
N.Y. Penal L. § 70.10(1)(a). "In lieu of the sentence otherwise authorized by
the penal law, the sentencing court 'may' sentence such offenders as though the
offense of conviction were a class A-1 felony." Id. (citing N.Y. Penal Law
§ 70.10(2)). A class A-1 felony carries sentence of fifteen years to life
imprisonment. See N.Y. Penal Law § 70.00(2)(a) & (3)(a)(i).

petition alleges that: (1) petitioner's enhanced sentence runs afoul of the precepts of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2001)(prohibiting judges from enhancing criminal sentences beyond statutory maximums based on facts other than those decided by the jury beyond a reasonable doubt); (2) the sentencing court erroneously relied on a 1980 North Carolina conviction to enhance petitioner's sentence, thereby depriving petitioner of due process and equal protection; (3) petitioner's Fifth and Fourteenth Amendment rights were violated when false testimony was solicited in the persistent felony offender hearing; and (4) ineffective assistance of counsel for his attorneys' failure to raise the above issues at trial and on appeal.

Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this habeas petition to United States Magistrate Jonathan W. Feldman for a Report and Recommendation. On March 31, 2010, Magistrate Judge Feldman filed a Report and Recommendation (Dkt #51), recommending that the petition be denied but that the petitioner be granted a limited certificate of appealability. The Magistrate Judge found that petitioner had raised a "credible argument that the sentencing court erroneously relied on [petitioner's] 1980 'Common Law Robbery' conviction in North Carolina as the basis for enhancing his sentence" under New York's persistent felony offender statute. <u>See</u> Report and Recommendation at 17 . The Court observed that, although petitioner's argument presented a question of state law interpretation, the Second Circuit has not yet considered whether the issue raises a cognizable due process claim, and recommended that a certificate of appealability be granted as to that issue alone. <u>Id.</u> at 19-20.

Petitioner filed objections to the Report and Recommendation on May 3, 1010 (Dkt. #57). Respondent filed partial objections to the Report and Recommendation on May 13, 2010 (Dkt. #58).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions of the parties, the Report and Recommendation of Magistrate Judge Feldman is accepted and adopted in its entirety, and the petition for writ of habeas corpus is denied and dismissed. The Court issues a certificate of appealability limited to the issue as to whether petitioner's claim that he was unlawfully adjudicated a persistent felony offender and improperly subjected to recidivist sentencing under New York State law is a claim that is cognizable on federal habeas review.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     September 8, 2010
           Rochester, New York